**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 8 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

NALINI G. PREMSINGH, M.D.
and CHRISMAN-SAWYER BANK, f/k/a
FIRST CITY BANK,

      Plaintiffs-Appellants,

v.

UNUM LIFE INSURANCE COMPANY
OF AMERICA,

      Defendant-Appellee.

Case No. 96-3209

(D.C. 95-2275-EEO)
(District of Kansas)

---

**ORDER AND JUDGMENT**[*]

---

Before KELLY, HOLLOWAY, and HENRY, Circuit Judges.

---

    [*]   This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiffs-appellants Nalini G. Premsingh, M.D. ("Dr. Premsingh") and Chrisman-Sawyer Bank, f/k/a First City Bank ("the Bank") appeal the district court's decision granting summary judgment to defendant-appellee UNUM Life Insurance Company of America ("UNUM"). We exercise jurisdiction under 28 U.S.C. § 1291, and we presume familiarity with the underlying, undisputed facts, as stated by the district court. See Premsingh v. UNUM Life Ins. Co. of Am., 929 F. Supp. 1391, 1393-94 (D. Kan. 1996).

On appeal, Dr. Premsingh and the Bank renew the arguments they raised in the district court. The district court rejected these arguments in a thorough, well-written opinion. In sum, the district court's reasoning was as follows: First, the policy at issue in this case unambiguously conditioned reinstatement upon payment of all premiums due for past periods of lapsed coverage. See id. at 1395-96. Second, UNUM was not estopped from denying coverage during the 1992-93 reinstatement process after having accepted Dr. Premsingh's overdue premium payment, because the policy's reasonable requirements for reinstatement had not been satisfied. See id. at 1396-98. Third and finally, no statute, contract, or actions by UNUM gave it a duty to notify the Bank, as the assignee of Dr. Premsingh's right to receive benefits under the policy, that premium payments were overdue. See id. at 1398-99.

We AFFIRM for substantially the same reasons.  We DENY Dr. Premsingh and the Bank's Motion for Certification of the first two of the above three issues:  there is controlling precedent on these issues in the decisions of the Kansas Supreme Court and Kansas Court of Appeals; therefore, the questions do not meet the requirements for certification.  See 10th Cir. R. 27.1; Kan. Stat. Ann. § 60-3201 (1994).  The mandate shall issue forthwith.

Entered for the Court,


Robert H. Henry
Circuit Judge